LYON, Respondent, v. INSURANCE COMPANY OF DAKOTA, Appellant.

**Insurance — Incumbrances — Waiver — Agent — Authority.**

> On an issue of the agency and authority of a certain insurance firm to waive, by its knowledge of the facts, the condition of a policy requiring all incumbrances to be stated in the written application, it appeared the firm received the application and the premium for the insurance; that they were transmitted to the company by the firm through one P.; that the company sent the policy direct to P., that it was thereafter delivered to the assured, by said firm ; that the company had never had any dealings with the firm, or knew of its existence until the time of the trial and knew nothing of the incumbrances until after the loss. *Held,* the firm was such an agent of the company as would enable it to waive the requirement of the condition.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Minnehaha county ; Hon. JAS. SPENCER, Judge.

This was an action on a policy of insurance for a loss sustained by fire. The action was by an assignee, the assignment having been made after the loss. The plaintiff recovered judgment and the defendant appealed. The defendant claimed the policy had been avoided ; in fact, that it was never in force from the assured's omission to comply with its conditions requiring him to inform the company of incumbrances on the property. The condition was as follows : "If the property hereby insured, either real or personal, or any part thereof, be or shall become incumbered by mortgage, judgment, or otherwise, and it be not so stated in the written application or indorsed in writing on the policy, this policy and every part thereof shall be void."

The plaintiff contended this condition had been waived. The proof on this issue was undisputed, and was that the assured, M. M. Porter, owned a hotel, the property insured, at Crescent City,

Florida, and it was destroyed by fire in 1886, during the existence
of the policy; that at the time of the application for the insurance,
and at the time of the loss, there were several mortgages on the
property; that a firm of insurance agents there by the name of
Webb & Nichols attended to insuring the hotel for Porter,
placing it in such companies as they deemed proper; that before
the insuring they examined the property, knew of the mortgages
and every thing connected with the place as well as Porter him-
self; that he paid the premium to these agents and received the
policy from them; that by a statute of Florida, passed February
27, 1872, a person receiving money on account of an insurance
contract was declared to be the agent of the company; that the
policy was issued from the home office, at Sioux Falls, Dak.; that
the application for the insurance and the premium were received
by the company from one W. L. Parker, secretary of the People's
Insurance Company, Memphis, Tennessee, and defendant sent the
policy directly to him; that it had never done any business with
Webb & Nichols, and never heard of them until the trial; that it
never had any notice of the incumbrances on the property before
the loss; that there was no statement of the existence of the mort-
gages in the application, but it showed the property was located in
Florida; showed that on the filing page of the policy, in prominent
type, was the following: "Notice to Policy-holders. No agent
has authority to waive any of the conditions of this policy, or the
application upon which it is based."

At the close of the evidence the defendant moved the court to
direct a verdict in its favor. The court declined to do this, and
submitted to the jury as a question of fact, whether Webb &
Nichols were the agents of the company or not, and directed them
that if they found they were, then their verdict should be for the
plaintiff. The jury found for the plaintiff. The defendant moved
for a new trial on the grounds of the insufficiency of the evidence
to justify the verdict, and because of the refusal of the court to
direct the verdict. This motion having been denied and a judg-
ment entered, the defendant brought the case here, assigning error
on the action of the court on this motion.

*Bailey & Davis*, for appellant.

The incumbrances were not disclosed in the application; this

was an express warranty. §§ 1534, 1538, 1539, 1540, C. C.; May, Ins., § 156. Knowledge of the incumbrances by the agents was immaterial, as they were not disclosed in the manner required by the warranty. § 1509, C. C. And the agents had no authority under the terms of the policy to waive any of its conditions. May, § 126; Clevenger v. Mutual Ins. Co., 2 Dak. 114; Chase v. Hamilton Ins. Co., 20 N. Y. 52; Marvin v. Universal Life Ins. Co., 85 id. 287; Green v. Lycoming F. I. Co., 91 Pa. St. 387.

Webb & Nichols were in no sense the agents of the defendant. They were assured's, to do this business *for him.* McFarland v. Peabody Ins. Co., 6 W. Va. 425. They could not be the agents of both parties. §§ 1342, 1361, C. C.; Story, Agency, § 31; 2 Kent (10th ed.), 855; Farnsworth v. Hemmer, 1 Allen, 494. The company never having had any information of them or their acts, there could have been no authority by ratification. Parker could not have been more than a special agent. § 1380, C. C.

If it were possible to hold them agents from their receipt of the premium and delivery of the policy without the knowledge of the company, they would have no general powers so that they could waive the conditions of the policy. Critchett v. Am. Ins. Co. (Ia.), 5 N. W. Rep. 543, 548.

The Florida statute has no application. The contract was made, and it is sought to be in force here.

*Coughran & McMartin,* for respondent.

Knowledge of the agent is knowledge of the company, and his, or its neglect, in making the proper indorsement is a waiver. May, 294; Ætna Ins. Co. v. Olmstead, 21 Mich. 246; Peoria M. & F. Ins. Co. v. Hall, 12 id. 202; Lycoming Ins. Co. v. Jackson, 83 Ill. 302; Smith v. Com. Ins. Co., 49 Wis. 326.

Webb & Nichols were the agents of the defendant. A party accepting money and delivering a policy acts for the company. May, § 140; Union Ins. Co. v. Wilkinson, 13 Wall. 222; Southern L. Rep., Nov. 5, 1880, p. 663; Ins. Co. v. Williams, 39 Ohio St. 588; Schomer v. Heckla Ins. Co., 50 Wis. 575; Alken v. N. H. Ins. Co., 53 id. 156. See, also, Com. Ins. Co. v. Ives, 56 Ill. 402; Union Ins. Co. v. Chip, 93 id. 97; Newark F. Ins. Co. v. Sammons, 110 id. 167.

By the COURT:

The judgment of the lower court is affirmed upon the ground that Webb & Nichols were such agents of the defendant as to have the power to waive the matter of incumbrances, which were known to them at the time of negotiating and accepting the risk for the company, irrespective of the Florida statute offered in evidence. All of the justices concur.

REPORTER: —A petition for a rehearing was denied at the May Term, 1888.