Fort Worth & Rio Grande Railway Co. v. N. R. Lindsey et al.

No. 1953.

1. **Railway Company—Proposition to Procure Free Right of Way—Acceptance Requisite.**

    The instrument sued on recited in substance that the subscribers thereto acknowledged themselves indebted to the appellant railway company in a stated penal sum, for the payment of which they bind themselves, and is conditioned that whereas the company proposes to construct a certain line of railroad on such conditions

as to the time of construction as are provided by the laws of Texas, now if the obligors shall secure to, it a right of way for such road without cost to the company, then the obligation to be void. Held, that this was a proposition requiring acceptance by the company within a reasonable time to make it binding, and that it does. not fix the time allowed by law for the completion of the work as the time within which such acceptance may be made.

**2. Practice—Exceptions—Harmless Error.**

Refusal of the court to pass upon special exceptions to the pleadings is not reversible error where the record does not show that any injury resulted therefrom.

**3. Same—Unnecessary Particularity in Pleading.**

Where evidence of certain facts would have been admissible under the general allegation made, a refusal to sustain exceptions to unnecessarily specific averments of such facts is harmless error.

**4. Same—Stating Name of Agent.**

It is not necessary to allege the names of the agents by whom a party was represented in transactions which are pleaded.

APPEAL from Comanche. Tried below before Hon. T. H. CONNER.

. *Newton H. Lassiter*, for appellant.—1. Under the proposition, appellant had the full length of time mentioned in the contract in which to accept the offer by constructing its road, unless the appellees before that time should withdraw the proposition. Railway v. Neely, 64 Texas, 344; Williams v. Rogers, 59 Texas, 438; Hopkins v. Nupshur, 20 Texas, 89; McCrimmin v. Cooper, 27 Texas, 113; Patty v. Mill Co., 4 Tex. Civ. App., 224; 3 Am. and Eng. E. of Law, 847; 7 N. Y., 349; 45 N. Y., 45· 7 N. H., 549; 50 Ill., 216; 3 Cush. (Mass.), 224, 227; 98 Ind., 92.

2. When a defendant in answer to a cause of action states in general terms that certain conversations, understandings and contracts were had with some agent or agents of plaintiff without disclosing who they were or what authority they had, and the answer is specially excepted to on that account, it is the duty of the court to force the defendant to name the persons and their authority in advance of going to trial, so that the plaintiff may have a reasonable opportunity of anticipating what proof will be offered and prepare to meet it.

*Hamilton & Presler*, and *Lindsey & Goodson*, for appellees.—There is no provision in the instrument sued on as to time of acceptance of said proposition by plaintiff. The time within which plaintiff could construct its line of railway was definite and certain. The time within which plaintiff could accept the proposition was governed by the general principles of the law. Bishop on Contracts, section 327, bottom page 123, and authorities there cited. Pomeroy on Contracts, section 65, and authorities there cited. 3 Am. and Eng. Encycl. of Law, 846, sec. 28, and authorities there cited. 1 Wait's Actions and Defenses, 86. 5 Lawson Rights and Remedies, sec. 2234.

HEAD, ASSOCIATE JUSTICE.—This suit was instituted October 31, 1892, by appellant, to recover $6160 of appellees, upon the following instrument:

"Know all men by these presents, that the undersigned, whose names. are hereto subscribed, acknowledge themselves indebted unto the Fort Worth and Rio Grande Railway Company, a corporation, chartered and organized under and by virtue of the laws of the State of Texas, in the penal sum of twenty thousand dollars, lawful money of the United States, for the payment of which we bind ourselves and each of our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents. The conditions of the above obligation are such that, whereas, the aforesaid railway company proposes the construction of a line of railway through the county of Comanche and town of Comanche, in the State of Texas, upon such conditions as to the time of construction as is provided by the laws of the State of Texas; and whereas, the said railway further proposes to establish a depot in the town of Comanche and within the corporate limits of said town, now if the obligors herein, their agents and associates, shall secure to the said railway company a right of way through the county and town of Comanche, in the State of Texas, without cost to the said railway company, then this obligation to be null and void, otherwise to remain in full force and virtue.

"Witness our hands, this the 5th day of August, 1885."

Appellees answered by general denial, and also specially to the effect that said instrument was never delivered to take effect as a contract, but was only intended as a proposition to appellant; that appellant not only never did accept this proposition, but declined to do so; that, thereafter, on October 31, 1889, a number of the appellees who had signed this instrument entered into a new contract with appellant for the construction of its road to Comanche, with the understanding that it superseded all previous negotiations upon the subject. The negotiations and speeches which preceded the execution of the instrument sued upon were set forth at length.

Lengthy special exceptions were interposed by appellant to this answer, and at the proper time were called to the attention of the court and a ruling thereon demanded before entering into the trial upon the facts. The court refused this demand, stating that the questions involved would be controlled in the charges to the jury, to which appellant excepted. It does not appear that the court ever at any time entered an order either sustaining or overruling these demurrers.

Article 1291 of our Revised Statutes reads: "When a case is called for trial, the issues of law arising on the pleadings, and all pleas in abatement and other dilatory pleas remaining undisposed of shall be determined, and it shall be no cause for a postponement of the trial of the issues of law that a party is not prepared to try the issues of fact."

District Court rule 26 is as follows: "When a case is called for trial, the exceptions, if any remain undisposed of, shall be presented for determination, and shall then be decided before proceeding to the trial of the case on the facts. * * *"

The meaning of this statute and rule is plain, and the trial court

erred in disregarding them. This error, however, should not require a reversal of the judgment if we can say affirmatively from the record that no injury resulted to appellant therefrom. In Railway v. Watkins, 26 S. W. Rep., 761, we said: "It is not every error committed in the trial of a case that necessitates a reversal, but only such as results in injury to the complaining party," citing Railway v. Helm, 64 Texas, 147; Lee v. Turner, 71 Texas, 264.

Can we say this? It will be observed that the real defense sought to be presented by appellees' answer was that the instrument sued upon had never been delivered by them or accepted by appellant as a contract, but only evidenced a proposition which had in fact been declined. That this fact could be established and appellant's possession of the instrument thus explained, by parol evidence, there can be no question. To admit such evidence, only a general allegation of the facts would be required. If, however, the pleader should see proper to set forth with undue particularity the evidence by which he proposed to establish the important fact of nondelivery or nonacceptance, the party thus advised in advance would ordinarily have no just cause of complaint. Railway v. Pool, 70 Texas, 713. It would not be permissible, however, to include in such an answer averments of irrelevant matter, evidence to prove which would not be admissible upon the trial. McCauley v. Long, 61 Texas, 79.

Before examining the answer and exceptions here in question, it will perhaps be best to call attention to some of the principles by which the case upon its merits is to be controlled.

In Williams v. Rogan, 59 Texas, 438, which was a suit upon a subscription to build a church, it is said: "This is not the ordinary case of a subscription to some charitable or public purpose, in which there are no contracting parties except the subscribers; but the subscribers are the parties upon the one side, and the district conference the party upon the other. Upon the acceptance of the proposition of the conference, the subscribers became bound, as did the conference upon its acceptance of the subscription and agreement, to build in accordance with the terms of the subscription. There was then a mutuality of engagement, so that each party had the right to hold the other to a binding agreement, and it became so previous to or even without performance, and either party might enforce it. The rule is thus laid down by Mr. Parsons: 'The party making the promise is bound to nothing until the promisee, within a reasonable time, engages to do, or else does or begins to do, the thing which is the condition of the first promise. Until such engagement or such doing, the promisor may withdraw his promise, because there is no mutuality, and therefore no consideration for it. But after an engagement upon the part of the promisee which is sufficient to bind him, then the promisor is bound also, because there is now a promise for a promise, with entire mutuality of obligation.' 1 Parsons on Contracts, sec. 450."

In McCrimmin v. Cooper, 27 Texas, 113, the suit was upon an in-

strument by which the subscribers bound themselves "to pay the several amounts annexed to their names to any person or contractor who might thereafter build a free bridge across Mud Creek at the place known as the Burnt Bridge, on the road leading to Henderson, Rusk County." It was held that, "to have bound them (the subscribers), their offer must have been accepted within a reasonable time after it was made, and within time to effectuate the intention of the parties in joining in the subscription. Doing so twelve months after the subscriptions were made, without proof of the ratification or assent of the subscribers, can not be regarded as a reasonable time."

Also: "It is now a well-settled principle in the courts of this State that payment of a voluntary subscription on the faith of which expense has been incurred or legal liabilities assumed, may be enforced (Hopkins v. Upshur, 20 Texas, 89; Doyle v. Glascock, 24 Texas, 200); but a subscription paper does not usually bear upon its face all the qualities of a good cause of action. We have generally to look to the attendant and subsequent transactions in relation to it, to obviate the objections that might otherwise be presented against it as the foundation of a cause of action."

Also see Hopkins v. Upshur, 20 Texas, 89, which is a leading case, and Patty v. Roller Mill Co., 4 Texas Civ. App., 224.

After some hesitation, we conclude that the court below properly construed the instrument sued upon as a proposition from appellees to appellant, which required an acceptance by it within a reasonable time in order to make it a binding contract, and that appellant is in error in its construction of it as a proposition which by its terms fixes the time allowed by the laws of Texas for the completion of the work, as the time within which it might agree to do it under this offer.

Recurring to appellant's exceptions, it will be observed that by far the greater number of them are directed to that part of the answer which sets forth the purpose for, and circumstance under, which the instrument sued upon was executed, as evidenced by the antecedent conversations and speeches leading thereto. From the authorities above cited, we conclude that evidence of this kind was admissible, not for the purpose of varying or contradicting the terms of the instrument itself, but as bearing upon the question whether or not the proposition of appellees had been accepted within such reasonable time as was within the contemplation of the parties; and as this evidence would have been admissible under a general allegation of nonacceptance, no injury is shown by the refusal to sustain appellant's exceptions to unnecessarily specific averments thereof in the answer.

Appellees also alleged that a number of them, relying upon the fact that the instrument sued upon had never been accepted, in October, 1889, had, with others, made a new contract with appellant for building its road to Comanche. This contract was made an exhibit to the answer, and contained this clause: "Nothing herein contained shall be construed as in any way affecting the contract for right of way and

depot grounds entered into between the citizens of Comanche County and the Fort Worth & Rio Grande Railway Company on the 5th day of August, 1885." The terms of this contract were materially different from those of the instrument sued upon, and required the signers thereto, not only to obtain a large part of the right of way, but also to grade it and defray other expenses to a large amount.

Appellant specially excepted to this part of the answer as irrelevant and immaterial. Evidence was admitted to sustain these allegations, but at the request of appellant the jury was charged, "that the execution and delivery of the contract of date October 31, 1889, between the plaintiff and a portion of the defendants, did not release or affect the rights of the parties to the contract sued upon."

We are not prepared to hold that the dealings of appellant with other parties upon an entirely different basis, in reference to a large portion of the subject matter of this alleged contract, was entirely irrelevant upon the question as to whether or not the proposition of appellees had been previously accepted. Were it not for the last clause of this second contract quoted above, it not only would not be irrelevant, but there would be strong reason for holding it conclusive that there had been no acceptance. Perhaps the stipulation that the execution of that contract should not affect the previous one should be held to leave the liability of the parties who had signed both entirely unaffected, if, indeed, it would not be a recognition by them of the validity of the first one; but as to those of appellees who did not sign the last, the fact that appellant had entered into these new arrangements could not be said to have no bearing upon the questions involved. It would tend to show that appellant had not previously become bound to do the work it was then contracting to have done by some of its obligees; and if it had not before that time become bound by an acceptance of appellees' proposition, the jury might well have found that a reasonable time (four years) for such acceptance had already expired. We conclude, that in view of the charge given the jury at its request, appellant suffered no injury from the action of the court in overruling the exceptions referred to.

Appellant's eighth exception purports to be to a clause said to be in appellees' answer, to the effect that some of their indemnitors had died and become insolvent before any attempted acceptance of their proposition. We do not find such an allegation in the answer, but do find one, not objected to, to the effect that some of the signers of the instrument sued upon had met with these misfortunes, whereby the liability of the remaining ones would be increased.

We think appellant's ninth exception to that part of appellees' answer which charged it with knowingly permitting them to turn over to the makers of the 1889 contract the subscription list made to indemnify the makers of the instrument sued upon, under the impression that the liability of the latter was at an end, was not well taken. If it be conceded that these allegations fell short of showing an estoppel,

the facts here stated were still admissible upon the issue of acceptance vel non of appellees' proposition.

The numerous exceptions interposed to the failure of appellees to give the names of the different agents by whom appellant was represented in the various transactions charged to have been had with it, should not have been sustained, had the court ruled thereon. We have already seen that the material part of this evidence could have been admitted under a general allegation of nonacceptance of the proposition on the part of appellant, and one of the most serious objections to appellees' answer is the particularity with which they plead their evidence. To have required a compliance with these exceptions would have aggravated that objection. Besides, in Railway v. Ross & Co., 62 Texas, 448, it is said: "As to the failure to state by whose direction the work was performed, or what engineer allowed any item in the exhibit, an averment of either character would have been superfluous, and there was no necessity to use any particularity whatever in making the unnecessary allegations. So the work was done at the express or implied request of the defendant company, the latter was liable for its value, and the plaintiffs were not bound to allege their evidence of that fact; and, if they did so, need not have stated it with any particularity." This was said in a suit upon a complicated account, in which the exception was to the "failure to state the time and place of the performance of the work, and the person by whose direction it was performed."

This disposes of all the exceptions.

There were no sufficient allegations in appellant's pleading upon which to base a recovery against a part of the appellees by reason of their recognition of the instrument sued upon in the contract signed by them in 1889, and the fifth special charge requested by it was therefore properly refused.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered October 12, 1895.

Writ of error refused.