## HARDING v. NORWICH UNION FIRE INS SOCIETY.

1. Comp. Laws, §§ 5126, 4142, declaring that "information of the nature or amount of the interest of one insured need not be communicated unless in answer to inquiries." except that the policy must specify the interest of the insured if he is not absolute owner etc., does not apply to a chattel mortgage; and a clause avoiding a policy in case the property is so incumbered is not waived by the insurer's neglect to make inquires.

2. One authorized to accept proposals for insurance in a particular vicinity, to fix rates, to receive moneys, and to countersign, issue, renew, and give written consent to the transfer of policies signed by the resident manager of a foreign insurance company, is a general agent.

3. The general agent of an insurance company may, without the knowledge of his principal, employ a soliciting agent, whose waiver of a condition in the policy against incumbrances will bind the company.

4. In a suit of an insurance policy, the pleadings showed that, after loss and before suit, execution issued on a judgment against plaintiff; that the sheriff served notice of levy on defendant for any sum it might owe plaintiff; and that defendant made a statement to the sheriff denying any indebtedness. *Held,* that plaintiff's judgment creditors were not necessary parties.

5. Under Comp. Laws, § 5052, the jury should not be allowed to take the pleadings with them on retiring for deliberation.

(Opinion filed June 16, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action upon a policy of fire insurance. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Martin & Mason*, for appellant.

There was a defect of parties plaintiff, and the plea in abatement should have been sustained; Comp. Laws, § 4912; 1 Eucyc. Pl. & Pr., 14.   All persons having an interest in the subject of the action should be joined as plaintiffs, or be made defendants.   Id. §§ 4877, 4879, 4885; Pratt v. Radford (Wis.) 8 N. W. 606.   The policy is void by reason of the chattel mortgage encumbrance, and also by reason of the proceedings to take possession of the property for foreclosure.   Lee v. Ins. Co., 44 N. W. 683; Peet v. Ins. Co., 7 S. D. 410, 64 N. W. 208; Johnson v. Ins. Co., 45 N. W. 799; Comp. Laws, §§ 4163, 3296; Ins. Co. v. Reynolds, 41 Ill. App. 427; Wilcox v. Ins. Co., 55 N. W. 188; Ins. Co. v. Vanlue, 26 N. E. 119; Am. Artistic Gold Stamping Co. v. Ins. Co.. 20 N. Y. Suppl., 646; Ellis v. Ins. Co., 16 N. W. 744; 27 N. W. 762; Bank v. Ins. Co., 125. Mass. 431; Guinn v. Ins. Co., 31 S. W. 566.

*Rice & Polley*, for respondent.

Where a policy was issued with the knowledge of the agent that the property insured was subject to a chattel mortgage, a condition in the policy that it shall be void if the property shoud be encumbered by a mortgage is waived.   Robins v. Ins. Co., 29 N. Y. S. 513.   See, also, Ins. Co. v. Josy, 25 S. W. 685.

HANEY, J.   This action is on an insurance policy containing the following provision:   "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if  *  *  *   the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." The insurance was on plaintiff's household furniture and effects. Before the policy was issued plaintiff and his wife executed a chattel mortgage upon the property to secure a note of $451.50 payable on demand.   An action was commenced to obtain possession of the property, for the purpose of foreclosing such mortgage, and the insured had given a redelivery bond.   Sub-

sequent to the fire, the aforesaid action was tried, and it was determined therein that, when such action was commenced, the mortgagee was entitled to possession of the property.   Defendant is a foreign corporation.   L. W. Stilwell was its agent at Deadwood.   He had an arrangment with one Kimball, whereby the latter solicited insurance for defendant, delivered policies, and collected premiums.   The employment of Kimball was unknown to defendant.   Stilwell's authority was in writing, and authorized him to receive proposals for insurance against loss or damage by fire in Deadwood and vicinity, to fix rates of premiums, to receive moneys, and to countersign issue, renew and to consent in writing to the transfer of policies of insurance signed by the resident manager of defendant, subject to its rules and regulations and the instructions of its manager.   In this case the insurance was secured by Kimball.   Stilwell countersigned the policy, gave it to Kimball, who delivered it to plaintiff, collected the premium, and paid it to Stilwell, who remitted it to the defendant.   Kimball received a part of Stilwell's commission.   Plaintiff testified that when he negotiated with Kimball for the insurance, he informed him of the existence of the chattel mortgage, the action to obtain possession, and that he desired the insurance as protection to the sureties on his redelivery bond.   In this he is flatly contradicted by the evidence of Kimball.   There was no communication between Stilwell and insured until after the fire.   Neither he nor defendant had any knowledge or notice of the incumbrance before the loss occurred, and neither of them made any inquiry concerning the interest of the insured.   The mortgage was not filed.   It is not shown that plaintiff ever had any dealings with either defendant, Stilwell or Kimball, other than in connection with this policy.   Nor does it appear that he knew anything about the relations existing between Stilwell and Kimball. There was no written application.

    Evidently upon the theory that the incumbrance affected plaintiff's interest in the property, the learned circuit court

charged the jury as follows: "If you are satisfied from the evidence in this case that the defendant issued the policy of insurance to the plaintiff, without any misrepresentations or concealment by the plaintiff of the existence at the time of the chattel mortgage upon the insured property, and without the defendant making any specific inquiries of the plaintiff as to the existence of any such chattel mortgage, and without any representation by the plaintiff upon this point, then the defendant was guilty of negligence and carelessness, which amounted to a waiver of this clause in the policy, and this defendant cannot avoid the policy thereby." Information of the nature or amount of the interest of one insured need not be communicated unless in answer to inquiries, except that the policy must specify the interest of the insured in property insured, if he is not the absolute owner thereof. Comp. Laws, §§ 4126, 4142. If it was not the duty of plaintiff to inform defendant of the incumbrance, except in answer to inquiries, its existence did not avoid the policy, and the court should have so directed the jury, as the evidence shows there were no inquiries. But the statute cited does not relate to mortgages. In this state a chattel mortgage merely creates a lien, and does not transfer the title. Comp. Laws, § 4330. It neither increases nor diminishes the owner's insurable interest, but its existence is a fact peculiarly within the knowledge of the insured, material to the contract, which should be communicated to the insurer. In Texas it is held that the existence of a lien on property is not a breach of a condition in a fire policy requiring "unconditional and sole ownership," in the assured. Insurance Co. v. Brooks (Tex. Civ. App.) 32 S. W. 714. Such in effect is the the decision of this court in Peet v. Insurance Co., twice before the court, and reported in 1 S. D. 462, 47 N. W. 532, and 7 S. D. 410, 64 N. W. 206. On the first appeal the court considered the clause of the policy relating to the insured's ownership or title, and properly concluded that as the insurer had issued its policy without specific inquiries of the plaintiff as to the title to the

land, and without any representations by the insured upon that point, it was its own carelessness and it could not avoid the policy. On the second appeal the court considered the clause relating to incumbrances, taking care to state that such clause was not involved in the former appeal, and decided that the lease was an incumbrrnce, which avoided the policy. It follows that the court below erred in charging the jury that this incumbrance did not avoid the policy if defendant failed to make any inquiries.

But, if defendant knew of the mortgage when its policy was issued, it is estopped from asserting a forfeiture by reason of the incumbrance. Authorities need not be cited in support of this firmly established proposition. It was recognized by instructions given in this case upon defendant's request. Then the vital question is whether notice to Kimball was notice to the company. All the material facts concerning his relations to defendant are undisputed, and have been heretofore stated. The doctrine of ostensible authority is not involved. The record discloses no evidence from which it could be inferred that defendant intentionally, or by want of ordinary care, caused the plaintiff to believe that Kimball was authorized to act for it in any capacity whatever. Comp. Laws, § 3979. Whatever authority Kimball possessed to represent defendant resulted from his employment by Stilwell. Was the latter, by reason of his appointment as recording agent of the company, authorized to employ a solicitor, and did such employment clothe the solicitor with authority to waive the condition of the policy concerning incumbrances? This inquiry must be answered in the affirmative. It was so answered in effect by the territorial supreme court in the case of Lyon v. Insurance Co., 6 Dak. 67, 50 N. W. 483, and in principle by this court in South Bend Toy Manuf'g Co. Dakota Fire & Marine Ins., 3 S. D. 205, 52 N. W. 866, where the court used this language: "It is true, Runk & Co., were unknown to defendant, but, in having intrusted Ben Phelon with authority to contract for insurance

and issue policies therefor, the company necessarily permitted him to use such methods in examining and determining the character of risks as he might deem proper. As stated by Judge BREWER in the case last cited (May v. Assurance Co., 27 Fed. 260): 'It is not to be expected that a general agent located in a city like Minneapolis can personally go and examine all the risks offered him. * * * If, instead of making an examination himself, he prefers or is willing to take the representations of another insurance agent, the company is bound by that act.' " To the same effect are the following decisions: Carpenter v. Insurance Co. (N. Y. App.) 31 N. E. 1015; Insurance Co. v. Fahrenkrug, 68 Ill. 463; Lingenfelter v. Insurance Co., 19 Mo. App. 252; Bodine v. Insurance Co., 51 N. Y. 117. In the last mentioned case it is said: "We know, according to the ordinary course of business, that insurance agents frequently have clerks to assist them, and that they could not transact their business if obliged· to attend to all the details in person; and these clerks can bind their principals in any of the business they are authorized to transact. An insurance agent can authorize his clerk to contract for risks, to deliver policies, to collect premiums, and to take payment of premiums in cash or securities, and to give credit for premiums, or to demand ·cash; and the act of the clerk in all such cases is the act of the agent, and binds the company just as effectively as if it were done by the agent in person. The maxim of '*Delegatus non potest delegare*' does not apply in such a case." Stilwell was a general agent. South Bend Toy·Manuf'g Co. v. Dakota Fire & Marine Ins. Co., 3 S. D.,.205, 52 N. W. 866. If he could employ a clerk with the consequences stated, he could a solicitor with like effect. "An agent has authority to do everything necessary or proper and usual, in the·ordinary course of business, for effecting the purpose of his agency." Comp. Laws, § 3981. As argued by the New York court of appeals, the employment of persons to solicit insurance, deliver policies, and collect premiums, is necessary, proper, and usual in the ordinary

course of the insurance business. It is contemplated by the appointment of recording agents, and therefore they have actual authority to employ persons for those purposes. It follows that notice of the incumbrance upon the insured property to Kimball was notice to the company. If no other issue than that of Kimball's knowledge of the mortgage had been submitted to the jury, we could assume that the jury must have found in plaintiff's favor on that issue, and could affirm the judgment; but the verdict may have been based upon the fact that defendant failed to make any inquiries concerning the existence of incumbrances, and, as has been shown, a verdict founded upon that fact cannot be sustained.

Subsequent to the fire and before the commencement of this action, an execution was issued upon a judgment against plaintiff, and the sheriff served notice of levy upon the defendant for any sum that might be due or owing from it to plaintiff. Defendant made a statement to the sheriff denying any indebtedness. These facts are alleged in the answer, admitted in a reply, and defendant contends that the judgment creditors are necessary parties to the action. The contention is not tenable. If defendant does not owe the plaintiff anything, his creditors can have no interest in the event of the action; and if he does, when the amount shall have been ascertained, any rights resulting from the levy will not be affected if these creditors are not made parties.

Without deciding that it would be reversible error in all cases to permit the jury, upon retiring for deliberation, to take the pleadings with them, the court is of the opinion that the statute does not contemplate that it should ever be done. Comp. Laws, § 5052. Pleadings should be construed by the court. Its charge should clearly define the issues of fact to be submitted, and no useful purpose can ever be served by allowing pleadings to be inspected by the jury. On the contrary, confusion and misapprehension of the real issues will usually result from such inspection by persons unacquainted with the

rules and principles of pleading. The pleadings are for the court. They should not be taken by the jury under any circumstances. For the error in the charge regarding defendant's failure to make inquiries, the judgment is reversed, and a new trial is ordered.