HOUGHTLING v. EUBANK. (No. 567.)

(Court of Civil Appeals of Texas. El Paso. May 11, 1916. On Rehearing, June 8, 1916.)

1. VENDOR AND PURCHASER ⊙═13 — REQUISITES OF CONTRACT — CONSIDERATION FOR SALE.

By a written instrument defendant agreed, in consideration of $1, to convey within a fixed period certain land to any one designated by plaintiff upon the payment of a stated sum to defendant. Held, there was no lack of consideration, since that instrument fixed the price to be paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 14; Dec. Dig. ⊙═13.]

2. CONTRACTS ⊙═10(5)—MUTUALITY—SALE OF LAND.

Although plaintiff tendered his check for $1 upon the above instrument's execution, the writing was lacking in mutuality, being merely an unaccepted offer to sell.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 21; Dec. Dig. ⊙═10(5); Vendor and Purchaser, Cent. Dig. § 89.]

3. VENDOR AND PURCHASER ⊙═16(1)—REQUISITES OF CONTRACT—REVOCATION OF OPTION.

Plaintiff tendered his check for $1 upon the above instrument's execution, and later tendered the additional specified sum and demanded a deed, but between such dates defendant had notified plaintiff that conveyance of the land would be refused. Held that, since the instru-

ment lacked mutuality, defendant was at liberty to thus withdraw his offer to sell at any time prior to its acceptance by plaintiff.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 17 ; Dec. Dig. ⊕16(1).]

4. VENDOR AND PURCHASER ⊕349 — ACTION FOR BREACH OF CONTRACT BY PURCHASER— PLEADING.

Since the instrument here involved is merely an offer to sell, the petition, in order to state a cause of action, should allege sufficient facts to show an acceptance of such offer.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1033, 1039–1042; Dec. Dig. ⊕349.]

Appeal from Scurry County Court; C. R. Buchanan, Judge.

Action by J. A. Eubank against L. W. Houghtling. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Smith & Spiller and Perkins & Perkins, all of Snyder, for appellant. Rosser & Boyd and Higgins & Hamilton, all of Snyder, for appellee.

WALTHALL, J. This is a suit for damages, brought by appellee against appellant for an alleged breach of a contract. The contract is as follows:

"I have this day received from J. A. Eubank the sum of one dollar, for and in consideration of which I agree that at any time before the 22d day of November, 1914, when he pays to me the further sum of $1,450 net to me, I will furnish an abstract showing perfect title and will convey by warranty deed to said J. A. Eubank, or any person or parties he may direct, and with any consideration expressed therein, that said parties may desire, the following described land in Lincoln county, Oklahoma: [Here follows plat and description of the land.] I further authorize said J. A. Eubank to continue his efforts to dispose of the land for me until I withdraw same from his hands by giving him thirty days' notice in writing; said notice to be effective at the expiration of thirty days from date of same. Dated November 13, 1914.

"[Signed]   L. W. Houghtling."

Appellee pleaded the contract, and alleged that he offered to pay to appellant the $1 consideration mentioned therein, but that appellant refused to accept same; that in addition to the consideration recited in the contract of option, which was by appellee tendered to appellant, appellee had purchasers for said lands at a sum not less than $1,-500, with whom he could have closed the deal and obtained the $1,450 for the appellant and a consideration for himself to make the said contract, of which appellee then informed the appellant; that he found the $1,450 within the time of the contract, and was willing to buy the land, but that appellant refused to deed it to him; that he procured purchasers in the persons of Wells & Lee, who were ready, willing, and able to buy the land and pay to appellant the said sum of $1,450 net to him within the time mentioned in the contract, and offered to do so, but that appellant refused so to do, and put it beyond his (appellant's) power to carry out and perform said contract by leasing the land to others before the option contract expired by its terms; that appellee could have sold the land for a profit of $950 to Wells & Lee, or could have purchased the property for $1,-450 and have sold same for a reasonable market value of $2,400; that appellee offered to perform the contract and appellant refused to perform. Appellee pleaded, in the alternative, that he had found the money with which to purchase the said land for the sum of $1,450, and was ready, willing, and able to do so for himself, and offered to do so, but that appellant refused to execute the deed and furnish the abstract, to appellee's damage $950, for which he prayed judgment.

Appellant answered by general demurrer and special exceptions, general denial, admitted making the contract, but says that appellee represented to him that the contract was an agency contract, and that he signed same in the belief that it was an agency contract, and an appointment of appellee as agent of appellant to sell the land for him, alleged fraud, in making false representations, and in withholding information he should have imparted to appellant, and that by reason thereof appellee is estopped from claiming under the contract. Appellant alleged that the contract is without mutuality, that the sum of $1,450 had never been tendered; that the reasonable market value of the land was not $2,400, but was $1,450; that the right to sell the land was not given to appellee exclusively, but that he expressly reserved the right to sell the land.

The case was submitted to the jury on special issues. While some of the issues submitted to and found by the jury are not raised by the pleadings, the issues submitted and found necessary to a decision of the case are substantially as follows: Eubank did not represent to Houghtling, before Houghtling signed the contract sued upon, that there was written or printed in the contract, a reservation in favor of Houghtling of any or all oil rights in the land therein described; nor did Eubank represent that the contract gave him (Eubank) a prior right to sell the property as agent for Houghtling, or that Houghtling, notwithstanding the contract, would have the right to dispose of said property without any liability to him (Eubank), nor did Eubank represent to Houghtling that, notwithstanding the contract, Houghtling was reserving the oil rights in said premises in said contract; that Eubank offered to give Houghtling a check for $1, signed by himself, at the time Houghtling signed the contract; that the amount of cash paid at the time of trial that would equal the difference between the amount stated in the contract and the cash market value of the land, with perfect title and warranty deed within the option period, is $800. Upon these findings the court entered judgment in favor of Eubank against Houghtling for $800.

As stated by appellant and shown by the evidence, although not one of the issues submitted to and found by the jury "there can be no question that appellant revoked the contract"; that is, he refused to deed the land, and so notified appellee, within the time stated in the contract that he would convey, and before Eubank had indicated his acceptance of the offer to sell, and before Eubank offered to pay the $1,450 mentioned as the price to be paid for the land. In the first part of the contract, Houghtling, the owner of the land, agreed with Eubank that if he (Eubank), at any time between the 13th and the 22d days of November, 1914, shall himself pay or have another to pay to him (Houghtling), the sum of $1,450, in addition to the $1, the price agreed upon in the contract, he (Houghtling) will make a deed to the land and furnish the abstract. The latter part of the contract in no way qualifies the former part, but is an appointment of Eubank as an agent to sell the land, and, as we construe it, at the price fixed in the contract.

[1-3] The contract does not lack consideration as the price to be paid for the land is fixed by the terms of the contract. Does it lack mutuality? Houghtling offered to accept $1,450 for his land, if paid within the time stated. Eubank does not in the writing (called the contract) accept the offer to sell, nor agree to pay the amount stated within the time fixed for the consideration to be paid. Eubank does not in his pleading allege that he accepted Houghtling's offer to sell the land at the price stated, nor was the issue submitted to or found by the jury that he had accepted the offer made in the writing and agreed to pay the consideration, before Houghtling withdrew the offer and revoked the contract. Until Eubank should accept Houghtling's offer and agree to pay the consideration within the time fixed in the writing, it lacked mutuality; it was only an offer to sell without an acceptance to buy. Until Eubank should accept the offer, he was bound to nothing. An offer imposes no obligation until it is accepted according to its terms. Had Eubank accepted the offer, either in the body of the writing or at any time before the offer to sell was withdrawn, he would then have exercised his option to buy, and by so doing would have added mutuality to the writing, which otherwise was lacking, and without it there was no contract. Houghtling was at liberty to withdraw his offer at any time before acceptance. The rule is stated in Minneapolis & St. L. Ry. Co. v. Columbus Rolling Mill Co., 119 U. S. 151, 7 Sup. Ct. 169, 30 L. Ed. 377. In that case the court uses this language:

"So long as the offer has been neither accepted nor rejected, the negotiation remains open, and imposes no obligation upon either party; the one may decline to accept, or the other may withdraw his offer; and either rejection or withdrawal leaves the matter as if no offer had ever been made."

[4] Appellant does not raise the question of the sufficiency of the petition in its failure to allege an acceptance of the offer to sell, unless it is embraced in the general demurrer. If we are not in error in the construction which we place on the contract, that it is simply an offer to sell, the writing containing no acceptance, the petition should allege sufficient facts to show a completed contract, before there could be a breach or a cause of action for its breach. As stated, no obligation rested on appellant until there was an acceptance of his offer to sell. Before he could be made liable in damages for his refusal to convey, it must appear that before he withdrew his offer to sell, and refused to convey, and within the time of his offer, appellee accepted the offer, and within the time offered to pay the consideration. These facts are not alleged in the petition. While the issues of acceptance and offer to pay the consideration and the time of it were not submitted to nor found by the jury, the evidence is clear and undisputed that Houghtling withdrew his offer to sell before Eubank accepted the offer, or offered to pay the consideration for the land.

We are of the opinion that the petition states no cause of action, and that the undisputed facts clearly show that appellee has no cause of action that could be stated, should the case be reversed and remanded. Judgment should have been for appellant. The case is reversed, and here rendered for the appellant.

HIGGINS, J., concurs in the result.

### On Rehearing.

WALTHALL, J. In his motion for rehearing, appellee insists that we are in error in the opinion in our statement that appellant revoked his offer to sell before Eubank indicated his acceptance to buy. We think we are not in error in the statement. It is true, as claimed, that after Houghtling had indicated his unwillingness to convey at the offer of $1,450, Eubank then offered to pay $1,750 for the land, a new offer, and Houghtling agreed to accept, and then declined to convey. But the suit was not on the $1,750 offer and acceptance. It was on the $1,450 offer by Houghtling, which, as we still understand the undisputed evidence shows, was withdrawn, or, at least, Houghtling's unwillingness to convey under that offer indicated before any acceptance; hence the $1,750 offer by Eubank, and its acceptance by Houghtling. Had the suit been on the $1,750 offer, and the proof and the result on the trial the same, and no issues made other than were made in this suit, we think appellee's position would be tenable.

The motion is overruled.