## TEXAS PIPE LINE CO. v. MILLER.
### No. 1432.

Court of Civil Appeals of Texas. Eastland.
May 10, 1935.

Rehearing Denied May 31, 1935.

See, also, 71 S.W.(2d) 348.

Harrell & Allison, of Breckenridge, for appellant.

L. D. Hawkins, of Breckenridge, for appellee.

LESLIE, Justice.

R. G. Miller instituted this suit against the Texas Pipe Line Company, a corporation, to recover special damages alleged to have accrued to him as the result of the breach by the defendant of a contract to sell him a 55,000-barrel steel oil storage tank. The defendant answered by general demurrer and general denial. The trial was before the court and jury, resulting in a verdict upon which judgment was rendered in favor of the plaintiff. The defendant appeals, assigning as error the order of the trial court in overruling its general demurrer, as well as its motion for an instructed verdict.

The plaintiff's first amended original petition, upon which the trial was had, is rather long and goes into detail, stating the facts and circumstances involved in the negotiations between the parties leading up to and finally terminating in the alleged contract, the breach of which is claimed in this suit. The pleading alleges that Miller was in the business of buying and selling oil field equipment, including tanks, and that the defendant was likewise so engaged; that the defendant, after a certain time or event, concluded to sell the tank in question. That the plaintiff thereupon "approached" the defendant "with reference to the purchase of such tank," and the defendant, on April 18, 1933, offered to sell the same to him for $1,500 cash. That after receiving the offer the plaintiff went "thereafter and to-wit, May 18, 1933," to Baird, Tex., and effected an arrangement with the Octane Oil & Refining Company whereby that company agreed to purchase the tank from the plaintiff for $1,925. That as between the plaintiff and the refining company the deal was to be a cash transaction. That a consideration of $1,925 was paid to the plaintiff, who thereafter purchased with it from a Breckenridge bank a certified check for $1,500 which he took to the office of the defendant on May 23, 1933, and then and there tendered it as the purchase price of the tank as an acceptance of the offer made by the defendant to sell him the tank on May 18th. When so tendered the check was rejected and the sale refused. The defendant did, however, immediately thereafter sell the tank to the Octane Oil & Refining Company for $2,000, and this suit is for the plaintiff's loss by way of special damages; the same being alleged to be the difference between the $1,500 and the $1,925, for which plaintiff alleges he had sold the tank.

The pleadings do not present the plaintiff as listing the property for sale with the express or implied right to go out and produce a purchaser. Neither is the de-

fendant presented as desiring or intending to list the property for sale under any such circumstances. The transaction is clearly one wherein the defendant was approached by the plaintiff with the view of purchasing the tank, the defendant offering to sell it to him on the 18th, and the plaintiff not then accepting the same went away and returned on the 23d, tendering the $1,500 certified check as an acceptance of such original offer. In other words, the plaintiff has alleged the formation of the contract, if any, by specifying the particular dates of the offer and acceptance, respectively.

The defendant's first attack on the judgment is that the trial court erred in overruling its general demurrer. The proposition presented is that in order to recover for a breach of contract where the plaintiff relies upon an offer made by the defendant without any time limit having been expressly stated in such offer, and a subsequent acceptance thereof by the plaintiff as constituting the contract, plaintiff must allege and prove that such offer was accepted by him within a reasonable time in order to bind the defendant by plaintiff's acceptance.

In the Restatement of the Law of Contracts, § 40 (1) in the discussion of what lapse of time terminates an offer, the rule is stated thus: "The power to create a contract by acceptance of an offer terminates at the time specified in the offer, or, if no time is specified, at the end of a reasonable time." An illustration given by that author under the rules there stated is as follows: "While A and B are engaged in a conversation, A makes B an offer to which B then makes no reply, but a few hours later meeting A again, B states he accepts the offer. There is no contract unless the offer or the surrounding circumstances indicate that the offer is intended to continue beyond the immediate conversation."

■ It is elementary that in order to recover for a breach of a contract the plaintiff must allege and prove the contract; that is, he must allege and prove the offer on the one hand and the acceptance on the other. The acceptance must come within the terms of the offer. In other words, if the offer contains a specific time limitation within which it must be accepted, the plaintiff must allege and prove that the acceptance comes within such time. If the offer contains no limitation as to the time of acceptance, the burden is upon the plaintiff to plead and prove that the acceptance was within a reasonable time. This is but the statement of elementary principles which have been applied in the authorities generally. 10 Tex. Jur. p. 37; Mitchell v. Clay, 8 Tex. 443; Bowen v. Speer (Tex. Civ. App.) 166 S. W. 1183; Washington v. Rosario Min. & Mill Co., 28 Tex. Civ. App. 430, 67 S. W. 459; American Law Institute, Restatement of the Law of Contracts, Vol. 1, § 40; Viser v. Rice, 33 Tex. 139; Lauve v. Balfour, 1 White & W. Civ. Cas. Ct. App. §§ 726, 727; Ft. Worth & R. G. R. Co. v. Lindsey, 11 Tex. Civ. App. 244, 32 S. W. 714; Houghtling v. Eubank (Tex. Civ. App.) 186 S. W. 364, par. 4; Williston on Contracts, Vol. 1, § 54, p. 91.

■ In the light of the rules of law above stated, a most careful consideration has been given to the plaintiff's pleadings now under attack. As a result we find that the plaintiff alleges an offer made on May 18, and an acceptance thereof on May 23d. There is no allegation that the acceptance was made within a reasonable time. The offer and acceptance, as alleged, may or may not have constituted a contract. If, in view of the circumstances surrounding the transaction, the acceptance came within a reasonable time there was a contract; otherwise, there was none. Therefore, it became necessary under the rules stated that the petition allege directly that the acceptance was within a reasonable time, or, in the absence of such allegations, such facts from which the essential fact, viz., the acceptance within a reasonable time, could be implied. The plaintiff's petition contains neither of such allegations, and consequently such fact was not admitted by the general demurrer. It results that if all the allegations of fact taken as true, one essential fact is missing or lacking to show a contract. In other words, taking all the facts alleged as true it cannot be said, as a matter of law, that any contract was ever made. Further, nothing is alleged in the offer as such, or in the surrounding circumstances that would indicate that the offer was intended to remain open subject to an acceptance on the part of the defendant at some indefinite time in the future. For the above reasons, we are constrained to sustain the proposition under consideration.

We are of the opinion that the court did not err in refusing to define the term "offer" as used in the first special issue. It is a word of common usage, and has no meaning in law different from its ordinary and general meaning. It is not such a word or term as is required to be defined by article 2189, R. S. 1925. Texas & Pacific Ry. Co. v. Short (Tex. Civ. App.) 62 S.W.(2d) 995 ("cause," "producing," "efficient," etc.); Weiss v. Gaines, 51 S.W.(2d) 428; General Motors A. C. v. Killingsworth (Tex. Civ. App.) 54 S.W.(2d) 266 ("agent"); City of Amarillo v. Rust (Tex. Civ. App.) 64 S.W.(2d) 821 ("allow").

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.