## MICHAEL LAZARUS *versus* COMMONWEALTH INSURANCE COMPANY.

A clause in a policy of insurance, that the policy shall be void if transferred or pledged without the previous consent in writing of the assurers, is to be construed strictly; and nothing but an effectual transfer or pledge will come within the terms of it.

Where the assured made a general assignment of his effects, including " all policies of insurance," it was *held*, that a policy in the hands of his agent, who had a lien upon it, did not pass by the assignment, within the meaning of the clause above mentioned.

Where the assured assigned all his effects, including the subject matter of the insurance, in trust to pay his creditors and to pay over the surplus, if any, to himself, and the creditors thereupon executed an absolute release of their demands, it was held that the assured, in order to recover upon the policy, must show that there was a surplus.

ASSUMPSIT on a policy of insurance, dated October 21st, 1824, by which Smith & Stewardson of Philadelphia, as agents of the plaintiff, who lived in Charleston, South Carolina, caused 11,000 dollars to be insured on the steamboat Henry Schultz, valued at 22,000 dollars, for ten months, commencing on the 9th of the same October. The premium note was signed by Smith & Stewardson, and the policy was made payable to them in case of loss.

At the trial, before *Wilde* J., it appeared, that on the 23d of April, 1825, a total loss happened, with a salvage, which has been received by the plaintiff.

The following facts were relied upon in the defence. On the 23d of December, 1824, the plaintiff, being embarrassed in his affairs, transferred the steamboat, by a regular bill of sale, to T. Street, in whose name she was immediately afterwards enrolled. A few days afterwards the plaintiff executed certain indentures, by which he conveyed to Street the steamboat and several other vessels, and his goods and effects generally, in trust to pay his creditors, according to certain orders of priority, on condition of being absolutely discharged from their demands within a specified time ; the trust being for the benefit of such creditors only as should release, except in relation to bonds due to the United States, and one other specified debt, which were to be fully paid without a previous release. The surplus, if any, was to be paid over by the

Lazarus
*v.*
Common-
wealth Ins.
Co.

trustee to the plaintiff. These indentures bore date of the same day with the bill of sale, and were intended to constitute with it one conveyance. On the 1st of February, and within the time specified, creditors to a large amount executed an absolute release of their debts.

The defendants, during the trial, moved for a continuance, in order that they might obtain evidence that the value of the effects assigned to Street was not sufficient to pay the creditors who had executed the release ; but. the motion was overruled, on the ground, that a resulting surplus to the plaintiff under the deed of trust might not be deemed necessary to show such an interest in the plaintiff, at the time of the loss, as would authorize him to recover on this policy, — the judge intending to reserve that as a question of law.

Among the items included in the assignment, was " all policies of insurance." The policy in suit was in the printed form used by the Boston companies, and contained this clause : — " It is also agreed, that this policy shall be void in case of its being assigned, transferred, or pledged, without the previous consent in writing of the assurers." It was proved by the assignee, that no policies of insurance whatever were delivered to him by virtue of the assignment, or otherwise, nor did it appear that there were any policies of insurance effected on any of the property assigned, which were subsisting at the time of the assignment, except those effected on the Henry Schultz, to wit, the one in question, and another for 11,000 dollars effected by an insurance company in New York. The sum insured in New York was paid to the assignee, and was appropriated in execution of the trusts, although the policy itself never came into his possession, nor was otherwise assigned than by the general clause in the deed of trust. The policy on which the action was brought, after its execution, until the time of the loss, and subsequently, remained with Smith & Stewardson; but it was proved that they had no interest in the policy at any time, although at the time of effecting the insurance they were creditors of the plaintiff to a considerable amount, for a general balance due them as agents. This balance has since been paid in full.

On this evidence the defendants contended, that there had been an "assignment, transfer or pledge," by which the contract determined before the loss happened. But the judge, intending to reserve the question, ruled that there was no evidence of any such assignment, pledge, or transfer.

The jury were therefore directed to return a verdict for the plaintiff, subject to the decision of the Court upon the questions above stated.

*Gorham* and *Orne*, for the defendants. The plaintiff had not, at the time of the loss, such an interest in the policy as will sustain the action, the release of the creditors being absolute, and there being no proof, that after the property assigned should be applied in discharge of their claims, any surplus would be coming to the plaintiff. *Gordon* v. *Mass. F. & M. Ins. Co.* 2 Pick. 249 ; *Locke* v. *North Am. Ins. Co.* 13 Mass. R. 61 ; *Carroll* v. *Boston M. Ins. Co.* 8 Mass. R. 515 ; *Lynch* v. *Dalzel*, 4 Bro. P. C. (2d ed.) 431 ; *Sadlers' Company* v. *Badcock*, 2 Atk. 554. The circumstances here may be compared to a bottomrie to the full value of the ship, in which case the owner has no insurable interest. Phillips on Ins. 43.

The policy was "assigned, transferred, or pledged" in contravention of its terms. The plaintiff was competent, and it was his intent, to assign it, and he has used apt words for that purpose. An indorsement on the policy itself and a delivery of it, cannot be necessary to constitute a valid assignment. Even supposing that Smith & Stewardson had an interest in the policy, all the interest of the plaintiff himself would pass by his assignment.

The restriction in the policy was lawful, the object being to make it a contract of indemnity and personal trust. It was not intended to destroy the assignability of a chose in action, but to make the contract terminate on the happening of a contingency. Had the assignment been after the loss, it would have been valid, as there would then have been a vested right. If however the clause is illegal, it avoids the whole contract, as there was no assent on the part of the defendants except to a contract with this clause inserted. *Pray* v. *Edie*, 1 T R. 313 : 1 Bos. & Pul. 352, note ; *Roe* v. *Harrison*, 2 T

*[margin:]* Lazarus
*v.*
Commonwealth Ins. Co.

*March 17th*

Lazarus
*v.*
Common-
wealth Ins.
Co.

R. 425 ; *Russell* v. *New Eng. M. Ins. Co.* 4 Mass. R. 82 ,
4 Bro. P. C. 431 ; 2 Atk. 554.

*Prescott* and *Hubbard, contrà,* said that the clause in ques-
tion had been introduced since the year 1823, and that it was
contrary to the policy of the law, inasmuch as it restrained
the alienation of property. The rights of the insurer are not
injuriously affected by an assignment of the policy, since in
case of loss he can deduct the premium from the sum to be
paid to the assignee, and if there is no loss, the property will
have ceased to be a security for the payment of the premium ,
and the assurer can make the same defence against the as-
signee as against the assured. The clause does not make the
supposed distinction between an assignment before, and one
after a loss. The objection that if the clause is void, the
whole policy is void, is not sound ; for an instrument may be
void in part and valid in part. Thus the clause of submitting
disputes to arbitration, though inoperative, does not render the
whole policy void.

This policy has not been assigned or pledged. There
was no assignment on the policy itself, and no delivery of it
to the supposed assignee. It is not particularly designated in
the general assignment and would not pass by that instrument.
Certainly the plaintiff could not intend to assign property,
which by the very act would be destroyed. Smith & Stew-
ardson had the control of the policy, and had a lien upon it,
and by them alone could it be assigned.

An insurable interest remained in the plaintiff, the general
assignee having only a defeasible title to the property assigned.
An equitable interest in the whole continued in the plaintiff,
until it should be applied to his debts. He might by possi-
bility have paid all his debts with property acquired subse-
quently to the assignment. He had a contingent interest,
which is insurable, and whether the contingency happens or
not, is not material. *Higginson* v. *Dall,* 13 Mass. R. 96 ;
*Stetson* v. *Mass. M. F. Ins. Co.* 4 Mass. R. 330 ; 2 Pick
249 ; *Parks* v. *Hall,* ibid. 210 ; *Lucena* v. *Crawford,* 5 Bos.
& Pul. 293 ; *Ex parte Yallop,* 15 Ves. 60 ; *Ex parte
Houghton,* 17 Ves. 253.

Parker C. J. drew up the opinion of the Court. The first question made in this case is, whether the policy is not void, according to the terms of the contract, on account of an assignment of it by the insured. The words of the policy relied upon by the defendants are, " It is also agreed that this policy shall be void, in case of its being assigned, transferred or pledged, without the previous consent in writing of the assurers." It is contended by the plaintiffs, that this agreement itself is void, because it is an unlawful restriction upon the right of disposing of property ; but we do not think the objection need be carried so far as this. Certainly such an agreement should be construed strictly, and nothing but an effectual assignment, transfer, or pledge will come within the terms of it. Now in this sense this policy has not been assigned, transferred, or pledged. It has no writing upon it signifying any manner of conveyance, nor any instrument attached to it, nor has it been delivered over to any person, but remains in the hands of the agents who procured it for the plaintiff, and has never been out of their possession. The general words contained in the instrument of assignment of all the plaintiff's effects, viz. " and all policies of insurance," we do not think import an assignment of this particular policy, for at that time it was in the hands of Smith & Stewardson, who had a lien upon it to secure a debt to them, and it may be considered as pledged to them with the consent of the insurers, for they stipulate, in case of loss, to pay the proceeds to Smith & Stewardson ; and that obligation still remains in force, if Smith & Stewardson should claim to have it executed, or unless the plaintiff should make it appear that their lien was removed. The general words in the assignment must be held to affect all such policies as the plaintiff had a legal control over, and cannot be construed to extend to one which at the time was by agreement in the possession and under the control of other persons.[1]

But it is a point of more importance, that the vessel, the subject matter of the insurance, was sold and transferred before the loss happened. Now if this were an absolute trans-

Lazarus
v.
Commonwealth Ins. Co.

Aug. 1827, at Taunton.

---

[1] See 2 Phil. Ins. 17, 18.

fer, so that no property or interest remained in the plaintiff at the time of the loss, then, according to decided cases, the contract is avoided. The plaintiff could not recover, because he had suffered no loss, and the assignee could not recover, because he was no party to the contract : for which see *Carroll* v. *Boston Mar. Ins. Co.* 8 Mass. R. 515 ; *Locke* v. *North Amer. Ins. Co.* 13 Mass. R. 61 ; *Gordon* v. *Mass. F. & M. Ins. Co.* 2 Pick. 249. But in these cases it is decided, that notwithstanding a conveyance, if it be in the nature of a mortgage, or in trust with a resulting trust to the insured, so that he has in truth an insurable interest in the property, he may nevertheless recover to the extent of his actual loss. Now the transfer of this vessel, with other property, was in trust to pay over the proceeds to certain creditors of the plaintiff. Had he remained indebted after the making of this assignment, and personally liable in case the property so transferred should be destroyed or lost, then the case would be like that of *Gordon* v. *Mass. F. & M. Ins. Co.*, for he would be interested in the same degree as before the assignment.[2] But the assignment was upon the condition, that the creditors, for whose use it should be made, should release and discharge the debts, and they were so released and discharged. This changes the nature of the transaction, and takes away from the plaintiff all interest in the property ; for whether the vessel insured were lost or not, he was equally discharged, and therefore could not be said to suffer by the loss of the vessel ; on the contrary, the whole loss would be to the creditors. But still there was a possibility of interest remaining in the plaintiff, because, by the assignment, the surplus, if any should remain after paying the debts, is to be paid to the plaintiff, and it is contended that this possibility is an insurable interest, and so saves the present action. But we do not think such a bare contingency is an insurable interest, nor indeed can it appear that there is even a possibility, unless it be shown that the property conveyed is of greater value than the debts, and that a discreet appropriation of it will leave a surplus. It may be likened to an insurance on profits, in

---

[2] See *Strong* v. *Manuf. Ins. Co.* 10 Pick. 40.

which, to entitle the insured to recover, he must, according to the English doctrine, show, that had the property arrived safe, profits would have accrued. *Hodgson* v. *Glover*, 6 East, 316 ; *Eyre* v. *Glover*, 16 East, 218. Certainly nothing can be clearer, than that the insured on this policy had no interest in the vessel insured, after his assignment of her, unless there was property enough assigned to pay the debts and leave a surplus. Now this does not appear in the present case, and therefore, according to legal reasoning, there was no insurable interest. In short, it does not appear from the evidence reported, that there was even an expectation of any residuum after paying the debts. The case cited from 5 Bos. & Pul. 269, (*Lucena* v. *Crawford & al.*) proceeds upon the principle, that an interest in the insured at the time of the loss is essential to the plaintiff's case, and the question was only whether the facts there shown proved such an interest.

The verdict having been returned for the plaintiff, without evidence of a probable surplus after paying the debts for which the property was assigned, must be set aside and a new trial granted. There being an absolute transfer of the property assured in actual payment of debts, and not a mere mortgage or pledge, which would stand upon a different footing, the plaintiff, to recover, must give *primâ facie* evidence of an amount of property conveyed sufficient to raise a reasonable presumption, that but for the loss of the vessel there would be a surplus ; otherwise he fails to show any interest in the property.