JOHN C. MAHR, HENRY J. MAHR, JULIUS D. MAHR, COMPRISING THE FIRM OF JOHN C. MAHR & SONS, RESPONDENTS, *v.* CHARLES H. BARTLETT, THE NORWICH UNION FIRE INSURANCE SOCIETY, APPELLANTS, AND SAMUEL G. KELLY.

*Pledge of a policy of insurance — an action in equity lies by the pledgee simply to have his rights therein determined — proper parties to the action — right of the insurance company to protection against other parties — pledge not construed to be an assignment.*

In an action brought to have the plaintiffs declared entitled to receive certain moneys due under a policy of "fire insurance, and to restrain the insurance company from paying such moneys to the owner of the insured property, it appeared that the plaintiffs claimed to hold the policy of insurance issued by the defendant, the Norwich Fire Insurance Company, in favor of the defendant Bartlett, on the latter's stock in trade, as security for a loan made to Bartlett. A loss having occurred Bartlett denied the pledge of the policy to the plaintiffs.

Bartlett answered in the action denying the pledge, the company answered denying knowledge of the pledge, and alleged that one Kelly of Iowa was the owner by an assignment from Bartlett; also, that the assignment to the plaintiffs violated one of the conditions of the policy. Kelly was made a party defendant on the company's motion, and, being a non-resident, was served by publication but never appeared.

Upon the trial the plaintiffs established their claim against Bartlett, and the pledge of the policy, but no proof was given as to the extent of the loss. The court rendered judgment in favor of the plaintiffs for the relief prayed for in the complaint.

On an appeal by the insurance company from this judgment:

*Held,* that it was settled by authority that to an action on a pledged policy the pledgor, as well as the pledgee, was a necessary party.

That there was no objection to an action being brought in equity, having for its purpose merely to establish the right of the plaintiffs to recover any amount due on a chose in action, leaving the liability on the chose in action to be determined in a subsequent suit at law.

That, in view of this fact, it was not necessary to prove on the trial the extent of the loss or the presentation of proofs of loss.

The principal objection urged by the insurance company against the judgment was that the court did not acquire jurisdiction of the defendant Kelly.

*Held,* that as Kelly did not appeal from the judgment, the company had no standing to complain of it in this respect, except so far as it might be entitled to protection under the judgment from any claim on his part.

That, as the policy was not negotiable and Kelly could not obtain any greater rights to the policy than his assignor Bartlett, and as the evidence clearly estab-

lished the pledge of the policy to the plaintiffs, long anterior to the assignment to Kelly, which latter was not until four days after the commencement of this suit, the rights of the plaintiffs were paramount to those of Kelly, and that it must be assumed that that would be so held in Iowa.

It was claimed by the company that the policy became void by the assignment to the plaintiffs.

*Held,* that as the assignment was merely a pledge to secure the payment of a debt it did not avoid the policy.

*Griffey* v. *New York Central Insurance Company* (100 N. Y., 417) followed.

APPEAL by the Norwich Union Fire Insurance Society from a judgment, rendered in an action tried at a Special Term held in the county of New York, which was entered in the office of the clerk of the county of New York on December 22, 1887.

*George H. Foster,* for the appellants.

*David Welch,* for the respondents.

CULLEN, J.:

This is an appeal from a judgment in favor of the plaintiffs, entered upon a decision of the Special Term. The action is a peculiar one, and we have been somewhat at a loss to determine in what character it is to be considered. The plaintiffs claimed to hold a policy of fire insurance, issued by the defendant company in favor of the defendant Bartlett, on the latter's stock as security for a loan made to Bartlett. A loss occurred. Bartlett denied the pledge of the policy to the plaintiffs. This action was thereupon brought and the relief sought was not to recover the amount of the loss, but to have plaintiffs declared entitled to receive the moneys due on the policy and to restrain the defendants from paying such moneys to Bartlett, or to anyone else than the plaintiffs. Bartlett answered, denying the pledge. The company answered, denying knowledge of the pledge and alleged that one Kelly, of Iowa, was the owner by a paramount assignment from Bartlett. It further answered, that the assignment to the plaintiffs violated one of the conditions of the policy, and for this reason asked, as a counter-claim, that the policy be adjudged void. On the company's motion, Kelly was made a party defendant. Being a non-resident he was served by publication, but he never appeared in the action. On the trial the plaintiffs established their claim against Bartlett

and the pledge of the policy, but no proof was given as to the extent of the loss nor of its adjustment. The court gave the relief prayed for, and from the judgment the defendant insurance company alone has appealed. It seems settled by authority that to an action on a pledged policy the pledgor as well as the pledgee is a necessary party. (*Griffey* v. *N. Y. Cent. Ins. Co.*, 100 N. Y., 417; *Simson* v. *Satterlee*, 64 id., 657; *Bard* v. *Poole*, 12 id., 495.) The cases last-mentioned were foreclosures of pledged mortgages. In *Bard* v. *Poole* the reason of the rule is stated to be that the general owner might be able to show the debt had been paid. The plaintiffs, as pledgees, might have maintained a suit at law on the policy, joining the pledgor as plaintiff, or if the latter refused to become plaintiff, making him a party defendant. As Bartlett denied the pledge, there would have been two entirely independent issues to be tried, the pledge by Bartlett and the liability of the company. A pledgor has always the right to go into equity to foreclose his pledge. The pledge in this case being a chose in action, it should be collected, not sold to satisfy the debt. (*Wheeler* v. *Newbould*, 16 N. Y., 392.)

We, therefore, see no objection to an action in equity having its purpose merely to establish the right of the plaintiffs to recover any amount due on the chose in an action, leaving the liability on the chose in an action to be determined in a subsequent suit at law. The defendant insurance company raised no objection to the equitable jurisdiction, but, on the contrary, sought affirmative relief in its own behalf in that jurisdiction. We shall, therefore, treat the action as merely determining the right to the benefits of the policy, and not as adjudging any liability of the defendant company, except so far as that defendant, by its own action in asking affirmative relief, put such liability in issue. In this view of the case, it was not necessary to prove, upon the trial, the extent of the loss or the presentation of proofs of loss. The principal objection against the judgment below, urged by the defendant company, is that the court did not acquire jurisdiction of the defendant Kelly, and that, therefore, the judgment, so far as it restrains Kelly from collecting the insurance moneys or suing the company therefor, is void. But Kelly does not appeal from the judgment and the company have no standing to complain of it in this respect, except so far as it may be

entitled by a valid judgment to be protected from any claim on Kelly's part. Had the plaintiffs brought a suit at law on the policy, it would not have been a defense to show that Kelly claimed to own the policy. It would have been necessary for the defendant to go further and show that Kelly did own it or at least that the plaintiff did not. In a proper case the defendant might have an interpleader. But if one of the claimants was beyond the jurisdiction of the court, the defendant would labor under the same embarrassment as in this case, nor do we see how it would be relieved from it. It would have to show not only the foreign claim, but its validity. Any other rule would defeat the enforcement of liability in our courts, where there was a foreign claimant. The policy was not negotiable and Kelly could not obtain any greater rights to the policy than his assignor, Bartlett. The evidence clearly established the pledge of the policy to the plaintiffs, long anterior to the assignment to Kelly, which latter was not until four days after the commencement of this suit. The rights of the plaintiffs are, therefore, paramount to those of Kelly, and we must assume that it will so be held in Iowa.

It is next claimed that the policy became void by the assignment to the plaintiffs. That assignment was merely as a pledge to secure the payment of a debt. *Griffey* v. *New York Central Insurance Company (supra)*, is conclusive to the effect that such an assignment does not avoid the policy.

Lastly, it is contended that the decree goes beyond the pleadings in awarding absolute judgment against the company on the policy. We do not so construe the decree. It adjudges that the company pay the plaintiffs "such moneys as shall be found due and payable under and by virtue of the policy." It does not determine what moneys or that any moneys are due on the policy. It simply adjudges plaintiffs' rights to the policy at whatever value it may be.

We think the case properly determined, and that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.