No. 292.

## BRONNENBURG *v.* RINKER.

BROKER.—*Loss of Money Entrusted to.*—*Complaint.*—*Sufficiency of.*—*Demand not Necessary Before Suit.*—A complaint alleged that the plaintiff, at the request of the defendant, entrusted to him a certain sum of money to be loaned by him for her at six per cent. interest, and upon good security, and that he, by his carelessness and negligence, loaned a part of it to an insolvent party, without any security therefor, falsely representing to the plaintiff, when he delivered the note to her, that it was secured by mortgage on real estate, thereby causing a loss to the plaintiff, etc.

*Held,* that the complaint stated a good cause of action.

*Held,* also, that it was not necessary to aver a demand upon the defendant before bringing the action, nor to allege that he agreed to become personally responsible on the loans.

*Held,* also, that an averment was unnecessary that the defendant knew the falsity of his representation that the note was secured by mortgage at the time he made it.

*Held,* also, that it was not necessary to allege that the note was unpaid, in whole or in part.

SAME.—*Liability to Principal.*—It is the duty of a broker to obey the instructions of his principal, and if he fail to do so he is liable in damages. He must use such skill as is ordinarily possessed and employed by persons of common capacity engaged in the same trade, or business, and such diligence as persons of common prudence are accustomed to use about their own business and affairs.

PLEADING.—*Complaint.*—*Defects in.*—*When Cured by Verdict.*—*Assignment of Error.*—Where the defects in a complaint are such as may be obviated by evidence on the trial, they will be held cured by the verdict and judgment when questioned for the first time by an assignment of error in the Supreme Court. In such case, if the complaint contain enough to render the judgment thereon a complete bar to another action for the same cause, it will be sufficient.

DEMAND.—*When Unnecessary Before Suit.*—Where it plainly appears that a demand would be unavailing, none is necessary. And where a promise is made to do a certain act, which the defendant has not done, a special demand is not necessary.

From the Madison Circuit Court:

*H. D. Thompson, W. A. Kittinger.* and *L. M. Schwinn,* for appellant.

*R. Lake,* for appellee.

REINHARD, J.—This cause was tried by a jury in the court below who returned a verdict in favor of the plaintiff (appellee), and, over a motion for a new trial by the appellant, the court rendered judgment on the verdict.

The substantial question presented by this appeal arises upon the sufficiency of the complaint, which is attacked for the first time in this court on assignment of error.

The complaint charges, in substance, that the defendant, at his own request, obtained from the plaintiff a certain sum of money which, for a reasonable compensation, he agreed to loan for her at the rate of six per cent. interest per annum, and "*upon good security*"; that the defendant, afterwards, carelessly and negligently loaned to one Patrick Kennedy $212 of this money, taking said Kennedy's individual note therefor, "*without security*"; that Kennedy is, and was at the time, insolvent; that defendant afterwards delivered the note to appellee, and falsely represented to her that it was secured by mortgage on real estate; that the note is utterly worthless; that the plaintiff brings the note into court and offers to return it to the defendant; that plaintiff has sustained damages in the sum of $300, by reason of defendant's negligence, for which amount she demanded judgment.

We think the complaint states a valid cause of action, and is not open to the objections urged against it by the appellant.

The contention of the appellant, that it can not be told from the averments of the complaint what is its theory, is without foundation. The theory is that the appellee entrusted to the appellant who, by asking the appellee to entrust this business to him, held himself out as a money lender, or broker, a certain sum of money to be loaned by him for her at six per cent. interest, and upon good security, and that he has by his carelessness and negligence loaned a part of it, viz., $212, to an insolvent party, without any security, thereby causing the appellee a loss of $212 and the

interest thereon.   It is a case of negligence rather than of fraud.

The objection that there is no averment that appellant agreed to become personally responsible on the loans is not well taken.   Such an averment is not necessary.

One of the first requirements which the law makes of a broker is that he obey the instructions of his principal, and if he fail to do so he is liable in damages.   Another is, that he use such skill as is ordinarily possessed and employed by persons of common capacity engaged in the same trade or business, and such diligence as persons of common prudence are accustomed to use about their own business and affairs. 2 Am. & Eng. Encyc. of Law, p. 575.

The appellant's instructions and agreement were, that he loan the money on good security.   The averment is, that he loaned to an insolvent borrower and without security.

The appellant's duty was to exercise care and diligence in loaning the money to solvent parties, or if to insolvent ones, with solvent security.   The averment is, that he carelessly and negligently loaned to a worthless borrower and without any security whatever.   He thus violated both his express contract and the implied obligation which the law imposes upon him.

It is true the appellant was not required to take mortgage security, but he was required to take good security, whether that be mortgage, personal or other security.   He did neither.

Appellant insists that the complaint should have averred a demand of the money, either of the payee of the note or the appellant.

We do not regard the allegation of such a demand necessary to withstand the objections urged to the complaint. This is not a case of conversion where, in some instances, to place the defendant in the wrong, the suit must be preceded by a demand and refusal to pay.   The damage here consists, not in converting the money, but in the failure to use ordi-

nary skill and diligence in the loan of the money and thereby causing a loss of the same to the appellee.

No demand would make it possible for the appellant to replace the money, if the averments of the complaint are true. The most that he could do upon a demand being made would be to pay the appellee out of his (appellant's) own funds. Where it plainly appears that a demand would be unavailing, none is necessary. *Booth* v. *Fitzer*, 82 Ind. 66. And it is a familiar rule that where a promise is made to do a certain act which the defendant has not done, a special demand is not necessary. 5 Am. and Eng. Encyc. of Law, p. 528c.

It is further contended that to support this theory of the complaint, it should have been alleged that, when the appellant falsely represented to the appellee that the note was secured by mortgage, he knew such representation to be false.

We do not see how he could well avoid knowing it, when he must have been aware that he took neither mortgage nor other security. It was his duty to know what kind of security he was taking. In this particular the law required him to be diligent, and will not tolerate negligence. To loan the money without security of any kind, and to a person whom the agent did not know to be either solvent or insolvent, would betray not only a want of diligence, but very gross negligence.

It is further urged that the complaint should have averred that the note was unpaid, in whole or in part, or that the appellee was in some way injured by the negligence of the appellant. We think that the averment that the loan was made to an insolvent party, and that it is utterly worthless, is sufficient to overcome this objection. Nor do we think it can be said that, under the circumstances, the appellee waited too long before returning the note. She had a right to rely upon the appellant's agreement that he would loan the money on good security, and from his statement that it was secured by mortgage she had a right to believe that such

a mortgage was, in fact, good security. Besides, we think the cause of action had already accrued when the note was left with the appellant. It does not appear from the complaint just when she discovered that in all these things she had been deceived; but after verdict the rule as to intendments will regard all such defects as cured. The complaint was not attacked by demurrer, or otherwise, in the court below, and the first assault made upon it is in this court. Where the defects in a complaint are such as may be obviated by evidence on the trial, they will be held cured by the verdict and judgment, when questioned for the first time by an assignment of error here. *Burkett* v. *Holman*, 104 Ind. 6; *Charlestown School Township* v. *Hay*, 74 Ind. 127. In such case, if the complaint contain enough to render the judgment thereon a complete bar to another action for the same cause, it will be sufficient. *Du Souchet* v. *Dutcher*, 113 Ind. 249; *Taylor* v. *Johnson*, 113 Ind. 164; *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380; *Orton* v. *Tilden*, 110 Ind. 131.

We find no error for which we think the judgment should be reversed.

Judgment affirmed, at appellant's costs.

