Manufacturers Mut. Fire Ins. Co. *v.* Swaney—53 Ind. App. 429.

permission, and not by the invitation of the appellant. He was, therefore, a mere licensee, and as such is not entitled to recover for any injuries growing out of the negligence charged. This being true, it follows that the verdict of the jury was not sustained by the evidence, and is contrary to law.

The judgment is reversed, with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 97 N. E. 1036. See, also under (1) 29 Cyc. 567; (2) 6 Cyc. 975; 6 Cyc. Anno. 975; (3) 29 Cyc. 455; (4) 29 Cyc. 449; (5) 29 Cyc. 454; (6) 29 Cyc. 451. As to general nature of parol license to use land, see 31 Am. St. 713. As to landowner's liability to person injured by reason of bad state of premises, see 31 Am. St. 524. As to the duty of an owner of premises to protect licensee against hidden dangers, see 17 L. R. A. (N. S.) 916. On the liability to trespasser or bare licensee from active as distinguished from passive negligence, see 36 L. R. A. (N. S.) 492.

---

# MANUFACTURERS MUTUAL FIRE INSURANCE COMPANY *v.* SWANEY ET AL.

[No. 7,912. Filed May 13, 1913.]

1. APPEAL.—*Review.—Harmless Error.—Objections to Complaint.*— An appellant, against whom no judgment was rendered on the complaint, appealing from a judgment against himself in favor of a codefendant on a cross-complaint, cannot avail himself of objections to the sufficiency of the complaint. p. 432.

2. APPEAL.—*Remitting of Verdict.—Right to Complain.*—An appellant cannot complain of the remitting of the verdict against it. p. 432.

3. INSURANCE.—*Fire Insurance.—Complaint.—Sufficiency.*—A complaint on a fire policy alleging that on a certain day the insured "gave the defendant company due notice of proof of said fire and also he has duly performed on his part all the conditions required by said policy of insurance," sufficiently avers a performance of the conditions of the policy. p. 432.

Manufacturers Mut. Fire Ins. Co. *v.* Swaney—53 Ind. App. 429.

4. INSURANCE.—*Fire Insurance.—Complaint.—Sufficiency.—Initial Attack on Appeal.*—In an action on a fire insurance policy, the complaint alleging that on a certain day the insured was the owner of certain property and that defendant on that day executed and delivered a policy of insurance thereon, and that a number of days thereafter the property was destroyed by fire, though perhaps insufficient to withstand a demurrer for failure to directly aver that insured was the owner of the property at the time of the fire, is sufficient as against objection presented for the first time on appeal. p. 433.

5. PLEADING.— *Complaint.— Sufficiency.— Aider by Verdict and Judgment.*—Where the defects in a complaint are such as to render it insufficient to withstand a demurrer, but no attack by demurrer is made, such defects are deemed cured by the verdict and judgment, if they were such as could be obviated by evidence. p. 434.

6. APPEAL.—*Questions Reviewable.—Party Entitled to Complain.* —An appellant, against whom no judgment was rendered on the complaint and whose appeal is from a judgment rendered on the cross-complaint of a codefendant, cannot complain of alleged error in sustaining a demurrer to his answer to such complaint. p. 434.

7. INSURANCE. — *Fire Insurance. — Stipulations Against Incumbrances.—Evidence.*—Evidence showing that there was a real estate mortgage on the property at the time it was insured, but failing to show that the property was at any time encumbered by a chattel mortgage, or that it was encumbered subsequently to the issuing of the policy by a real estate mortgage, is insufficient to show a cancellation of a policy containing a provision that "any subsequent mortgage or encumbrance on any property insured under this policy, unless consent of the company is endorsed hereon, cancels and annuls this policy absolutely, * * * or if the subject of insurance be personal property and be or become encumbered by chattel mortgage." p. 434.

8. INSURANCE. — *Fire Insurance. — Stipulations Against Incumbrances.—Waiver.*—Where there is no written application for insurance, and no questions are asked, and no statements are made by the insured, and he has no knowledge that the existence of a mortgage will avoid the policy, the issuance of the policy is a waiver of the provisions for forfeiture by reason of existing incumbrances. p. 435.

9. INSURANCE.—*Fire Insurance.—Stipulations Against Assignment. —Operation.*—The provision of a fire policy against assignment before a loss, is not violated unless there has been a transfer, either in writing or by actual delivery, and in the absence of such

a transfer, the mere promise of the assured before a loss to assign the policy, together with his statement after the loss that he had assigned same, will not avoid the policy. p. 435.

From Monroe Circuit Court; *James B. Wilson*, Judge.

Action by Laura A. Swaney against the Manufacturers Mutual Fire Insurance Company and Elva Pafford. From a judgment against the Insurance Company on the cross-complaint of its codefendant, Pafford, and subrogating plaintiff to his rights to the amount of her claim, the defendant Insurance Company appeals. *Affirmed.*

*Ulric Z. Wiley* and *Arthur H. Jones*, for appellant.

*Batman, Miller & Blair* and *Miers & Corr*, for appellees.

IBACH, C. J.—This was an action by appellee Swaney to be subrogated to the rights of appellee Pafford to the extent of $500 in an insurance policy issued by appellant to Pafford, she having paid off a mortgage on the insured property, and demanding judgment against appellee Pafford and appellant. Mrs. Swaney had been the owner of the mortgaged property, and had sold it to Pafford, who assumed the mortgage and promised to assign the insurance policy to Mrs. Swaney or the holder of the mortgage in order to secure her. When the mortgage became due Pafford refused to pay it, and Mrs. Swaney, in order to prevent being sued on the mortgage, paid it off, relying on Pafford's statement that he had assigned an interest of $400 in the policy to the owner of the mortgage debt. Pafford by way of cross-complaint sought to recover against appellant on the same insurance policy, alleging the total destruction by fire of the property insured, and that he was entitled to recover the full amount of the policy, $1,000. A verdict was returned by the jury in favor of appellee Swaney against appellant. Appellee Swaney remitted the verdict against appellant. Judgment was rendered that Pafford recover from appellant $1,000 and his costs and charges expended

432    APPELLATE COURT OF INDIANA,

Manufacturers Mut. Fire Ins. Co. v. Swaney—53 Ind. App. 429.

on his cross-complaint, that Mrs. Swaney recover of Paf-ford, $400 and her costs in the action, and it was ''further ordered and adjudged and decreed by the court that said plaintiff be and she is hereby subrogated to the right of said Elva Pafford in the judgment rendered in his favor herein against the Manufacturers Mutual Fire Insurance Com-pany for $1,000, to the amount of $400 thereof, and $400 of said judgment shall be and hereby is declared to be for the use and benefit of the plaintiff, and is hereby declared to be-long to plaintiff, and upon the payment of said $1,000 by said defendant insurance company to the clerk of this court, said plaintiff is hereby authorized to receipt for $400 of the same and enter satisfaction thereof for said $400, which shall be a full satisfaction and discharge of said judgment to that extent.''

1. Appellant has made certain objections to appellee Swaney's complaint and supplemental complaint. These objections are unavailing, for no judgment was rendered in favor of appellee Swaney against appel-

2. lant, and consequently, if there was any error in the proceedings between her and Pafford, appellant was not harmed, and could not complain.

Appellant cannot complain of the remitting of the verdict against it. *Kelley* v. *Kelley* (1894), 8 Ind. App. 606, 34 N. E. 1009.

No demurrer was filed to Pafford's cross-complaint, but appellant has assigned as error that it does not state facts sufficient to constitute a cause of action against

3. appellant. The allegation of the performance of the conditions of the contract by Pafford is in the following words, ''that on March 20, 1909, this de-fendant gave the defendant company due notice of proof of said fire and also he has duly performed on his part all the conditions required by said policy of insurance.'' Ap-pellant contends that this averment is merely that he gave

notice of having performed the conditions of the policy, and that it does not state that he did perform such conditions. This contention, which depends mainly upon the fact that there is no comma between the words "fire" and "and," is hypercritical, is not a reasonable construction of the averments of the pleading, and would do violence to the grammatical construction of the sentence.

It is averred in the cross-complaint that Pafford on February 1, 1909, was the owner of certain real estate situated in Monroe County, Indiana, on which was situated a steam flour mill, and in which was situated certain mill machinery, of all of which he was the owner; that on said day in consideration of the sum of $45 paid by Pafford to the defendant insurance company as a premium, it executed and delivered to him a policy of insurance on all of said property for $1,000; that on February 18, 1909, the said mill building, machinery therein and connected therewith as described in said policy was burned and wholly destroyed by fire. Thus it will be apparent that this pleading does not directly aver that Pafford was the owner of the property at the time of the fire, but only that he was the owner when it was insured, some eighteen days before the fire. Appellant urges that it is absolutely essential to the sufficiency of a pleading predicated upon an insurance policy, seeking to recover damages by reason of loss by fire, to allege that the pleader was the owner of the property destroyed at the time of the destruction. To this appellee replies by citing the rule of law that where ownership is shown to exist at a certain time, the presumption is that it continues until the contrary appears. The cases cited by appellee are not, however, cases where an action was brought on a policy of insurance, except that of *Phenix Ins. Co.* v. *Pickel* (1889), 119 Ind. 155, 158, 21 N. E. 546, 12 Am. St. 393, and in that case the averments of ownership at the time the policy was issued were aided by

434    APPELLATE COURT OF INDIANA,

Manufacturers Mut. Fire Ins. Co. *v.* Swaney—53 Ind. App. 429.

other averments which inferentially showed ownership at the time of the loss. The rule is, however, that where a complaint is not attacked in the trial court, and its

5. defects, even though they might be fatal to its sufficiency if tested by demurrer, are such as may be obviated by evidence, they are cured by a verdict and judgment. *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N. E. 406; *Indianapolis, etc., R. Co.* v. *McCaffery* (1880), 72 Ind. 294; *Roberts* v. *Porter* (1881), 78 Ind. 130; *Bronnenburg* v. *Rinker* (1891), 2 Ind. App. 391, 28 N. E. 568; *Town of Monticello* v. *Kennard* (1893), 7 Ind. App. 135, 34 N. E. 454; *Harter* v. *Parsons* (1896), 14 Ind. App. 331, 42 N. E. 1025.

Appellant's objection to the cross-complaint might have been well taken if presented by demurrer. But against an objection presented here for the first time, we must regard such a deficiency as that urged, to have been cured by the evidence and the verdict. The evidence showed that Pafford was the owner at the time of the fire.

It is also contended that the court erred in sustaining the demurrer of appellee Swaney as to appellant's second paragraph of answer, but, as we have said before, since

6. appellee Swaney recovered no judgment against appellant, appellant can here take no advantage had there been an erroneous ruling in her favor.

The policy contained the following provision relating to encumbrances, "It is understood that any subsequent mortgage or encumbrance on any property insured under

7. this policy unless consent of the company is endorsed hereon, cancels and annuls this policy absolutely, * * * or if the subject of insurance be personal property and be or become encumbered by chattel mortgage." The evidence shows that there was a real estate mortgage on the property at the time the policy was issued. It does not show that the property was at any time encumbered by a

chattel mortgage, or that it was encumbered subsequently to the issuing of the policy by a real estate mortgage. It is only a subsequent real estate mortgage, or an existing chattel mortgage which will cancel the policy, according to its terms. Therefore the court did not err when he instructed the jury that there was a failure on the part of the defendant to prove that the policy was cancelled under the above provision because of the existence of the real estate mortgage given previously to the time when the policy was issued.

By the third paragraph of answer appellant pleaded that the policy is void by its provisions if the insured misrepresents any fact material to the risk, and that appellee

8. Pafford misrepresented that the property was free and unencumbered, and that appellant relying on such statement, issued the policy. The evidence shows that Pafford made no statements or representations as to any mortgage on the property, and was not asked to do so. Where there is no written application for insurance, and no questions asked, and no statements made by the insured, and no knowledge by him that the existence of a mortgage would avoid a policy, the company is deemed by issuing the policy to have waived the provisions for forfeiture by reason of existing encumbrances. *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 678, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *German Mut. Ins. Co.* v. *Niewedde* (1895), 11 Ind. App. 624, 39 N. E. 534; *Continental Ins. Co.* v. *Munns* (1889), 120 Ind. 30, 22 N. E. 78, 5 L. R. A. 430. But in the present case there was not even a provision against existing real estate mortgages.

Another provision of the policy was, that, if the policy should be assigned before a loss, then it would become void. Appellant by its fourth paragraph of answer pleaded

9. that the policy was under this provision void, because it had been assigned to Mrs. Swaney before the fire. The court instructed the jury that it was a question

436    APPELLATE COURT OF INDIANA,

Manufacturers Mut. Fire Ins. Co. *v.* Swaney—53 Ind. App. 429.

of fact for its determination whether Pafford assigned the policy to Mrs. Swaney before the fire; that he could assign the policy in two ways, by written assignment, or by delivering to her the policy on an agreement vesting the title thereto in her, in either case vesting in her the right to maintain an action thereon; that if he simply promised that he would get the property insured and would assign her the policy, or if he afterwards said that he had assigned the policy, neither nor both would constitute an assignment of the policy, but to constitute an assignment there must be an actual transfer, either by actual delivery, or in writing; that if he promised to assign the policy and afterwards said he had assigned it, that would not constitute such an assignment as would avoid the policy, but would simply show a failure on Pafford's part to do what he said he would do, which would in no way invalidate the policy or be such an act of Pafford's as would avail the defendant in this suit; that the answer alleges assignment of the policy by Pafford to Mrs. Swaney, and that proof of an agreement to assign said policy to Dill, or a statement of Pafford subsequently made that he had assigned the policy to Dill would be a variance, would not sustain the answer, and would not avoid the policy. We think that these instructions stated the law correctly. The following authorities sustain generally the position that a promise to assign a policy and a subsequent statement that the policy had been assigned, when there was no legal assignment, would not avoid the policy. *Lazarus* v. *Commonwealth Ins. Co.* (1827), 22 Mass. 76; *Griffey* v. *New York Cent. Ins. Co.* (1885), 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; *Mahr* v. *Bartlett* (1889), 53 Hun 388, 7 N. Y. Supp. 143.

No error appears, and the judgment is affirmed.

NOTE.—Reported in 101 N. E. 843. See, also, under (1, 6) 3 Cyc. 233; (2) 3 Cyc. 234; (3) 19 Cyc. 921; (4) 31 Cyc. 720, 769; (7) 19 Cyc. 756, 815; (8) 19 Cyc. 815; (9) 19 Cyc. 637. As to what judgments and orders may be appealed from, see 20 Am. St. 173. As

to what increase of hazard amounts to forfeiture of fire policy, see 66 Am. St. 691. As to what constitutes assignment of insurance and when is such valid, see 56 Am. Dec. 747. On the question of mortgage as affecting change of title or interest in insured property, see 38 L. R. A. 562.