PROSE, Respondent, v. HAWKEYE SECURITIES FIRE INSURANCE COMPANY, Appellant.

(211 N. W. 970.)

(File No. 5332.   Opinion filed January 28, 1927.)

Insurance—Estoppel—Local Agent's Knowledge of Mortgage Before Collecting Premium Held Not Attributable to Insurer (Rev. Code 1919, § 1431).

Where automobile theft policy, conditioned on nonexistence of mortgages, and providing against oral waiver of terms, was delivered before agent knew of existence of mortgage, held that agent's acceptance of premium after discovering mortgage did not estop insurer from forfeiting policy, agent's knowledge not being attributable to insurer, in view of Rev. Code 1919, § 1431.

---

Note.—See, Headnote, American Key-Numbered Digest, Fire insurance, Key-No. 378(3), 26 C. J. Sec. 369.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action by R. L. Prose against the Hawkeye Securities Fire Insurance Company. From judgment for plaintiff and order denying new trial, defendant appeals. Reversed and remanded, with directions.

*Null & Royhl,* of Huron, for Appellant.
*Gardner & Churchill,* of Huron, for Respondent.

GATES, J.  Defendant insured plaintiff's auto against loss by theft. From a judgment for plaintiff upon the policy of insurance and from an order denying new trial, defendant appeals.

It was conceded at the trial that, at the time the policy was issued, and at the time of making proof of loss, the car was mortgaged, and that there was due thereon the sum of $790. The evidence tended to show that respondent met Searls, the local agent of appellant, on the street, and asked him to write a policy of insurance on the car; that respondent furnished Searls with the numbers of the car on the next day, and, without securing a written application, Searls wrote the policy, and at respondent's direction placed it in the part of the safe in Searls' office in which respondent kept his papers; that the safe was owned by respondent but was used jointly by respondent and Searls; that about a month thereafter Searls learned of the existence of the mortgage, but did not communicate such knowledge to appellant; that thereafter the premium was paid to Searls by respondent; that the car was stolen; that, after the loss, Searls made out a proof of loss, which was signed and sworn to by respondent and sent to appellant; and that the proof contained a recital that the car was not incumbered. There was a dispute in the testimony of respondent and Searls as to the conversation that occurred at the time of making the proof of loss.

It is conceded in respondent's brief that appellant did not have knowledge of the mortgage at the time the policy was issued, but respondent contends that, by collecting the premium after knowledge of the mortgage came to the local agent, the company was estopped to assert a forfeiture of the policy. Appellant challenges the correctness of that theory. In support of his contention respondent cites, among other cases, Lyon v. Ins. Co. of

Dak., 6 Dak. 67, 50 N. W. 483; Harding v. Norwich Union Fire Ins. Soc., 10 S. D. 64, 71 N. W. 755; Vesey v. Com. Union Assur. Co., 18 S. D. 632, 101 N. W. 1074; and Fosmark v. Eq. Fire Ass'n. 23 S. D. 102, 120 N. W. 777, but in each of those cases the local agent had knowledge of the incumbrance at the time the policy was issued. To the same effect in the recent decision in Lummel v. Nat. Fire Ins. Ass'n. (S. D.) 210 N. W. 739.

Respondent also cites the following from Lawyer v. Globe Mut. Ins. Co., 25 S. D. 549, 127 N. W. 615:

"The vital question, then, is whether the defendant had knowledge or notice of the existence of this mortgage prior to the loss. If it had such notice or knowledge, and failed to cancel the policy, the forfeiture is waived, and cannot be asserted as a defense in this action."

Taken out of its setting, the above quotation might seem to support respondent's contention, but in that case the mortgage was given after the policy was written, and, by the verdict, the jury found that the plaintiff had given written notice of the mortgage by United States mail to the home office of the insurance company prior to the loss. Such quotation, therefore, must be understood to relate to the situation then before the court.

Under the designation of "Representations," the policy in the present case contains the following:

"No. 3.   The facts with respect to the purchase of the auto-mobile described as follows: Purchased by the assured. Month: April.   Year: 1919.   New or Second: New.   Actual cost to assured, including equipment: $1,435.   The Automobile described is fully paid for by the assured, and is not Mortgaged or otherwise encumbered, except as follows."

No exception thereto is stated in the policy.

Under the designation of "Exclusions," the policy contains the following:

"It is a condition of this policy that it shall be null and void:

" '(c) If the interest of the assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become incumbered by any lien or mortgage except as stated in the representation No. 3 or otherwise indorsed hereon.' "

The policy also contains the following provision:

"This policy is made and accepted subject to the provisions, exclusions, conditions and representations set forth herein or indorsed hereon, together with such other provisions, exclusions, conditions or representations, as may be indorsed hereon or added hereto, and upon acceptance of this policy the assured agrees that its terms embody all agreements then existing between himself and the company or any of its agents relating to the insurance described herein and no officer, agent or other representative of this company shall have power to waive any of the terms of this policy except such waiver be written upon or attached hereto, nor shall any privilege or permission affecting this insurance under this policy exist or be claimed by the assured, unless so written or attached."

In view of the fact that this policy was issued and delivered before knowledge of the mortgage came even to the local agent, and in view of the above-quoted provisions of the policy, and in view of the provisions of section 1431, Rev. Code 1919, the settled rule of this state is that respondent may not recover upon the policy. Peet v. Dak. F. & M. Ins. Co., 7 S. D. 410, 64 N. W. 206; Hronish v. Home Ins. Co., 33 S. D. 428, 146 N. W. 588. To attribute to the company the knowledge of the local agent as to the existence of the mortgage under circumstances here disclosed would violate the above provisions of the policy which the parties had the right to make. The trial court should have sustained appellant's motion for a directed verdict. In this view a consideration of the other questions raised becomes unnecessary.

The judgment and order appealed from are reversed, and the cause is remanded, with direction to dismiss the action.