AMOS, Appellant, v. HARDWARE MUTUAL FIRE INSURANCE COMPANY, Respondent.

(267 N. W. 336.)

(File No. 7899.  Opinion filed May 26, 1936.)

*Henry C. Mundt,* of Sioux Falls, for Appellant.

*L. E. Waggoner* and *R. C. Riter,* both of Sioux Falls, for Respondent.

POLLEY, P. J.   This action was brought to recover on a fire insurance policy, insuring a quantity of household goods in Sioux Falls, "while located and contained as described herein and not elsewhere."   At the time the policy was written, the property was located at 510 North Prairie avenue.   Some time later the

property, with the written consent of the insurer, was removed to 1112 North Duluth avenue. Still later the property was removed to 601 West Brookings. To this removal the company gave no consent of any kind and had no knowledge. A short time before the policy would have lapsed, the general agent of defendant company called at plaintiff's home at 601 West Brookings with a renewal policy to go into effect at the expiration of the policy sued upon herein. Some conversation took place between said agent and plaintiff relative to the removal of the insured property to its then location. During the conversation the agent said: "It is all right and wrote with a pencil on the back of the policy '601 West Brookings,'" and said he would see that a consent in writing by the defendant to the last removal would be sent to plaintiff. Before this was done, however, the property was destroyed by fire, and the company refused to pay the loss because the property had been removed without written consent of the company. Upon the foregoing facts the trial court directed a verdict for the defendant. Judgment was entered on such verdict, and plaintiff appeals.

■ ■ It is the contention of appellant that, because of the conduct of the general agent of respondent in writing on the back of the policy "601 West Brookings," and the conversation had with him by appellant, respondent intended to waive the provision in the policy requiring the consent to be in writing. The policy is a state standard fire insurance policy, and it contains the provision that any changes or waivers in the conditions of the policy must be written on or attached to the policy itself. The words "601 West Brookings" do not indicate that it was meant to be a waiver of any provision in the policy, and that it was not so intended is evidenced by the fact that the agent said that he "would make the necessary records in his office * * * and when he came back he would bring some slips along for those policies." The interpretation of the standard fire insurance policy contended for by respondent has been followed by this court since the first time it came before this court in Hronish v. Home Ins. Co., 33 S. D. 428, 146 N. W. 588. This court held that any changes or waivers made in the provisions of a standard policy must be written on or attached to the policy, and that such evidence was the only competent evidence thereof. This construction has been followed ever

since.   See Davenport v. Firemen's Ins. Co., 47 S. D. 426, 199 N. W. 203, and Prose v. Hawkeye Securities Fire Ins. Co., 51 S. D. 3, 211 N. W. 970.   There was no error in directing a verdict for the defendant.

The judgment and order appealed from are affirmed.

All the judges concur.